JUSTICE COTTER
dissents.
¶32 I agree with the majority’s conclusions that the District Court *150 erred when it denied Western’s challenge for cause on the basis of the attorney-client relationship. Moreover, I agree with the majority’s conclusion that when one party receives more peremptory challenges than an opponent, prejudice is presumed. However, I dissent from the majority’s conclusion that once prejudice is presumed, the inquiry ends and the jury’s verdict must be reversed. In my judgment, the presumption of prejudice was rebutted here, and therefore the verdict should have been affirmed.
¶33 The majority cites the case of State v. Williams (1993), 262 Mont. 530, 866 P.2d 1099, for the proposition that, once a district court erroneously denies a challenge for cause, the error is deemed prejudicial as a matter of law, the inquiry ends, and the verdict must be reversed. Williams, ¶ 27. Recently, the application of State v. Williams to the erroneous denial of a challenge for cause in a criminal case was reconsidered by this Court. In State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948, this Court, relying upon State v. Van Kirk, 2001 MT 184, 306 Mont. 215, 32 P.3d 735, concluded that where a district court abuses its discretion in denying a challenge for cause, the defendant must use one of his peremptory challenges to remove the disputed juror, and the defendant thereby exhausts all of his peremptory challenges, the district court’s denial of the subject challenge for cause will be deemed structural error and thus automatically reversible. To the extent that State v. Williams had previously required a defendant both to establish the foregoing elements, and establish that the error contributed to the defendant’s conviction, we overruled Williams.
¶34 I concurred in the majority’s conclusion in State v. Good that a district court’s abuse of discretion in failing to grant a challenge for cause during voir dire in a criminal case should be considered a structural error that is conclusively prejudicial. As I noted in my concurring opinion in State v. Good:
In light of the necessity for a unanimous verdict in a criminal case, one prospective juror lost to the defendant due to an erroneous denial of a challenge for cause could clearly mean the difference between conviction and either acquittal or a hung jury.
However, I wrote separately to state that I would limit the Court’s holding in this regard to criminal cases only, and would apply a different test in civil cases. I write here to suggest what that test would be, and to dissent from the Court’s conclusion that a district court’s abuse of discretion in failing to grant a challenge for cause in a civil case is conclusively prejudicial.
¶35 In its argument for the application of the “conclusively prejudicial”
*151 test in civil cases, the majority relies on King v. Special Resource Management (1993), 256 Mont. 367, 846 P.2d 1038, where we held that, when one party receives more peremptory challenges than an opponent, prejudice is presumed as a matter of law. In King, the circumstances were substantially different than those presented here. The plaintiffs complained in King that the district court erred by granting eight peremptory challenges to the defendants Montana Power Company and its two non-hostile subsidiary corporations, while granting only four peremptory challenges to the plaintiffs. Thus, the defendants had twice the peremptory challenges available to them than the plaintiffs had. We concluded in King that a showing of prejudice by the party disadvantaged by the disparity in peremptory challenges would no longer be required to support reversal of a jury verdict. While we said in King that prejudice under such circumstances is presumed as a matter of law, we never said the presumption of prejudice was conclusive.
¶36 Five years after King was decided, this Court gratuitously expanded the King holding when we said in dicta in State v. DeVore, 1998 MT 340, 292 Mont. 325, 972 P.2d 816, a criminal case, that “the rule in a civil context is that when one party has been erroneously denied an equal number of peremptory challenges, we presume prejudice as a matter of law and automatically grant the offended party a new trial.” DeVore, ¶36. Thus, in DeVore, we announced for the first and only time (until today) that in the civil setting, we will both presume prejudice and automatically grant reversal where a challenge for cause is erroneously denied.
¶37 I submit that, while error should be presinned when a challenge for cause in a civil case is erroneously denied, that presumption should not be conclusive. Rather, I would allow the presumption to be rebutted. I am not advocating a return to the rule adopted in Leary v. Kelly Pipe Company (1976), 169 Mont. 511, 549 P.2d 813, where we held that the party urging reversal of a jury verdict for an incorrect grant of peremptory challenges must demonstrate or show prejudice in order to obtain the result. We overruled Leary, in King v. Special Resource Management, 256 Mont. at 374, 846 P.2d at 1042, and properly so. Requiring a party urging reversal of a verdict to demonstrate prejudice flies in the face of our holding in King that we will presume prejudice from a district court’s error in failing to strike a juror for cause. Rather, once prejudice is presumed, the burden to overcome that presumption should be placed on the party who received the benefit of the extra peremptory challenge. That party-and not the appellant-should be required, once error is established and prejudice *152 presumed, to demonstrate that there is no reasonable possibility that the District Court’s error contributed to the verdict. We had the test right in Leary. The problem is we imposed the burden on the wrong party.
¶38 The test I propose here, requiring the prevailing party to demonstrate that there is no reasonable possibility the error contributed to the verdict, is not new to our jurisprudence. We recently announced the adoption of a similar analytical framework in Van Kirk, ¶ 47, holding that when considering trial errors, the State as prevailing party must demonstrate there is no reasonable possibility that erroneously admitted evidence contributed to the defendant’s conviction. We have thus demonstrated our willingness and ability to engage in this type of “reasonable possibility the error contributed to the verdict” analysis in criminal cases. There is simply no reason we cannot engage in a similar analysis, if necessary, in a civil case.
¶39 There is a fundamental reason for my belief that the test should be different in civil cases than in criminal cases. The verdict in criminal cases must be unanimous. The one prospective juror lost to the defendant because of the court’s erroneous denial of a challenge for cause could have been the one who would vote against conviction, make a finding of guilt impossible. In the civil case, though, while the loss of one prospective juror could be pivotal, it may not always be so. This is because unanimity is not required of a civil jury. Thus, while one lost juror could make all the difference in the criminal case, it may be immaterial and therefore not even potentially prejudicial in a civil case. This case illustrates the point exactly.
¶40 Reff-Conlin argued that the differential of one peremptory challenge could not have made a difference in the outcome of the verdict. In light of the fact that the verdict for the plaintiff here was unanimous, which the majority fails to mention, Reff-Conlin is right. There is simply no reasonable possibility that the erroneous denial of the challenge for cause at issue here could have contributed to the verdict. The plaintiff needed the votes of only eight of twelve jurors in order to obtain a verdict in its favor. However, it secured the votes of all twelve. In order for the defendant to have prevailed in this case, it would have needed eight jurors to vote for a defense verdict. There is simply no reasonable possibility that with the addition of one peremptory challenge, Western would have swayed eight of the unanimous twelve jurors who voted in favor of the plaintiff to vote for the contrary result.
¶41 It is in cases like this that the presumption of prejudice can be irrefutably overcome. Obviously, in cases in which the verdict is not *153 unanimous, the prevailing party that received the benefit of the extra peremptory challenge would have a more difficult burden to meet. If he or she could not meet the burden of demonstrating that there is no reasonable possibility that the error contributed to the verdict, then the presumption of prejudice would be unrebutted and reversal would be required.
¶42 In sum, I would hold that in those civil cases where the losing party could demonstrate that the district court erroneously denied one or more of its challenges for cause, prejudice to that party would be presumed. The prevailing party would then have the opportunity to rebut the presumption by establishing that there is no reasonable possibility that the error contributed to the verdict. If he or she met that burden, then the error would not justify or compel reversal. If the prevailing party could not meet the burden, the presumption would be deemed unrebutted and reversal would be required.
¶43 Because there is no reasonable possibility that the error in denying Firemen’s Fluid’s challenge for cause contributed to the verdict in this case, I would affirm. In my judgment, it is senseless and manifestly unfair to overturn a jury verdict when an error made during jury selection could not have possibly affected the outcome of the trial. I therefore dissent.